**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

**KENNETH WILSON,**

  **Petitioner,**

  **v.**                                    **Civil Action No. 5:02-1309**

**WARDEN TROY WILLIAMSON, Warden,
FCI Beckley,**

  **Respondent.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1.)  The court hereby (1) CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation submitted by the magistrate judge (Doc. No. 4), (2) TRANSFERS this matter to the Southern District of Indiana in the interest of justice, pursuant to 28 U.S.C. § 1631, and (3) directs the clerk to REMOVE this matter from the court's docket.

**I.  Introduction**

By Standing Order entered on May 20, 2002, and filed in this matter on November 1, 2002, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendation. Magistrate Judge VanDervort submitted his proposed findings and recommendation ("PF&R") on December 23, 2002. In that Proposed Findings and Recommendation, the magistrate judge recommended that this court dismiss petitioner's application (Doc. No. 1) with prejudice for lack of jurisdiction and without prejudice

as to the merits of petitioner's claims.    In accordance
with the provisions of 28 U.S.C. § 636(b), the parties were
allotted ten days, plus three mailing days, in which to file
any objections to Magistrate Judge VanDervort's Findings and
Recommendation. Petitioner filed objections to the Proposed
Findings and Recommendation on January 8, 2003. Because
petitioner filed his objections in a timely fashion, this
court has conducted a de novo review of the record as to those
objections and overrules them. See 28 U.S.C. § 636(b)(1) ("A
judge of the court shall make a de novo determination of those
portions of the report or specified proposed findings and
recommendations to which objection is made.").

## II.  Background

     In 1999, petitioner pled guilty to bank robbery, handgun
violations, and carjacking in the Southern District of
Indiana.  He was sentenced to a 336 month term of
imprisonment.  Petitioner appealed arguing that there were
flaws in the court's acceptance of his guilty plea and that
his sentence was imposed using an incorrect application of the
United States Sentencing Guidelines.  The Seventh Circuit
Court of Appeals found no error.  See United States v. Wilson,
234 F.3d 1275 (7th Cir. 2000).

     After his conviction, petitioner brought a § 2255
petition in the Southern District of Indiana asserting defects
in his plea and ineffective assistance of counsel.  That
petition was dismissed and never appealed.  (Doc. No. 1 at 3.)

     Now, petitioner brings this action under 28 U.S.C.

§ 2241, challenging his conviction.  (Doc. No. 1 at 6.)  In
that petition, petitioner asserts that the district court
should not have accepted his plea of guilty to firearm
offenses because he did not brandish a firearm while
committing bank robbery.  (Doc. No. 1.)  Second, petitioner
argues that the firearms offense under 18 U.S.C. 924(c) is a
lesser included offense of bank robbery under 18 U.S.C.
§ 2113(a) & (d).  As such, he argues that the indictment was
multiplicitious and subjected him to double jeopardy.  (Id.)

### III.  Analysis

Applications under 28 U.S.C. § 2255 are the exclusive
remedy for testing the validity of federal judgments and
sentences unless there is a showing that the remedy is
inadequate or ineffective.  In re Jones, 226 F.3d 328, 333
(4th Cir. 2000).  As the magistrate judge found, petitioner
essentially challenges his conviction only with respect to his
firearms offense under 18 U.S.C. § 924(c), and thus, his
petition is properly brought under § 2255, not § 2241.

In his objection to the PF&R, petitioner argues that
§ 2255 is an inadequate avenue for his petition because it
cannot satisfy the requirements for a second or successive
petition under 28 U.S.C. § 2255.  (Doc. No. 5 at 1.)
Petitioner goes on to argue that jurisdiction is proper here
because a § 2241 petition must be brought in the jurisdiction
where the petitioner is confined.  (Id.)  As an alternative to
dismissal, petitioner asks this court to transfer the case to
the Southern District of Indiana where jurisdiction appears

proper.  (Id.)

The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.  "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).  As the magistrate judge found, petitioner's claim challenges his conviction and therefore must properly be characterized as a § 2255 petition.*  As such, this court lacks jurisdiction to hear petitioner's claims because petitioner was sentenced elsewhere.

However, this court finds transfer under 28 U.S.C. § 1631 to be in the interests of justice because this court cannot reach the merits of petitioner's claims and because dismissal may leave petitioner's claims time-barred.  Accordingly, this matter is hereby TRANSFERRED to the Southern District of Indiana.

## IV.  Conclusion

The court hereby (1) CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation submitted by the magistrate judge (Doc. No. 4), (2) TRANSFERS this matter to the Southern District of Indiana in the interest of justice, pursuant to 28 U.S.C. § 1631, and

---

*       This court need not give petitioner an opportunity to withdraw his petition because it is not his first § 2255 petition and therefore any future petition he files is a successive petition subject to additional requirements under § 2255.  See Castro v. United States, 540 U.S. 375, 382 (first § 2255 application omitted from successive petition analysis if recharacterized by court as a § 2255 petition unless the court first warned the plaintiff and gave him an opportunity to withdraw the petition).

(3) directs the clerk to REMOVE this matter from the court's docket.

The Clerk is directed to forward a certified copy of this memorandum opinion and judgment order to counsel of record, the petitioner, pro se, and to the Clerk of the Court for the United States District Court for the Southern District of Indiana.

IT IS SO ORDERED this 25th day of January, 2006.

ENTER:

David A. Faber
United States District Judge